**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RICHARD DALE STOKLEY,
    *Petitioner - Appellant*,

v.

CHARLES L. RYAN,
    *Respondent - Appellee*.

No. 09-99004

D.C. No.
4:98-CV-00332-FRZ
District of Arizona,
Tucson

AMENDED ORDER

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted
November 5, 2012—Portland, Oregon

Filed November 21, 2012
Amended November 27, 2012

Before: Sidney R. Thomas

Amended Order;
Dissent to Order by Judge Reinhardt;
Dissent to Order by Judge W. Fletcher;
Dissent to Order by Judge Watford;
Dissent to Order by Judge Pregerson

# SUMMARY[*]

## Habeas Corpus/Death Penalty

Judge Thomas, as Capital Case and En Banc Coordinator, issued an amended order denying a petition for rehearing en banc.

Judge Reinhardt dissented from the denial of rehearing en banc, joined by Judges Pregerson, Wardlaw, W. Fletcher, Fisher, Paez and Berzon, because the panel, without proper briefing, made a number of serious errors due to a perceived need to resolve several important issues arising out of the recently-decided *Maples v. Thomas*, 132 S. Ct. 912 (2012). Judge Reinhardt would have granted en banc review to decide: whether a court's error under *Eddings v. Oklahoma*, 455 U.S. 104 (1982), is structural or is subject to harmless error; even if an *Eddings* error were not structural, whether the panel should have reached that issue–not properly presented to it–or remanded to the district court; and, even if the error were not structural and no remand was required, whether the state carried its burden of showing that the error was harmless.

Judge W. Fletcher dissented from the denial of rehearing en banc, joined by Judges Pregerson, Reinhardt, Wardlaw, Fisher, Paez and Berzon. He wrote that the court has forgotten its role as an intermediate federal appellate court, and instead has taken the role of the federal district court and the Arizona Supreme Court, and allowed a three-judge panel

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

to decide, without briefing from the parties, that *Eddings* error is not structural despite circuit cases and Supreme Court suggestions to the contrary. He would not allow the State of Arizona to kill Stokley before his plausible claims under *Maples* and *Eddings* have been properly considered.

Judge Watford dissented from the denial of rehearing en banc, joined by Judges Pregerson, Wardlaw, W. Fletcher, Fisher, Paez, Berzon, Christen and Nguyen. He does not think there is any question that the Arizona Supreme Court violated *Eddings*. Assuming *Maples* error, as the panel majority does, Stokley has established cause for his procedural default. He would grant en banc review to consider whether this court must actually decide the merits of the underlying *Eddings* claim or find only that the claim is substantial, and to consider whether an *Eddings* violation is structural error or subject to harmless error review.

Judge Pregerson dissented from the denial of rehearing en banc. He concurred in the dissents of Judges Reinhardt, W. Fletcher and Watford.

## COUNSEL

Jennifer Yolanda Garcia (argued), Federal Public Defender's Office, Phoenix, Arizona; Amy Krauss, Law Office of Amy B. Krauss, Tucson, Arizona; Cary Sandman, Federal Public Defender's Office, Tucson, Arizona; Jon M. Sands, Federal Public Defender's Office, Phoenix, Arizona, for the Petitioner-Appellant.

Thomas C. Horne, Arizona State Attorney General; Jonathan Bass (argued), Assistant Attorney General Criminal Appeals/Capital Litigation Division, for the Respondent-Appellee.

## ORDER

THOMAS, Circuit Judge and Capital Case Coordinator:

The full court has been advised of the petition for rehearing en banc. Pursuant to the rules applicable to capital cases in which an execution date has been scheduled, a deadline was set by which any judge could request a vote on whether the panel's November 15, 2012 order should be reheard en banc. The panel elected to amend its original order, and the full court was advised of the planned amendment.

A judge requested a vote on whether to hear the panel's order en banc. A majority of the active, non-recused judges eligible to vote on the en banc call did not vote to rehear the panel order en banc. Therefore, the petition for rehearing en banc is DENIED.

No further petitions for panel rehearing or rehearing en banc will be entertained. En banc proceedings with respect to the original order and the amended order are concluded.

The dissents from the denial of rehearing en banc follow this amended order.

---

REINHARDT, Circuit Judge, joined by PREGERSON, WARDLAW, W. FLETCHER, FISHER, PAEZ, and BERZON, Circuit Judges, dissenting from the denial of *en banc* rehearing:

This is a death penalty case in which, due to the panel's perceived need to resolve, all-too-hastily, several important issues arising out of the recently-decided case of *Maples v. Thomas*, 132 S. Ct. 912 (2012), the majority, without proper briefing, made a number of serious errors that warrant review by the *en banc* court. So great was its perceived need for speed that the panel was still amending its order and changing its rationale while the *en banc* process was underway. Stokley, the individual whose life was at stake, was afforded little opportunity to explore the issue that the majority of the panel raised *sua sponte*, and then held to be dispositive. Nevertheless, a majority of the court voted to let the panel majority's order stand. As a result of our failure to go *en banc*, an execution which is scheduled for next week will occur, in violation of fundamental constitutional principles, absent intervention by the Supreme Court—the only remaining body that can ensure that Stokley receives his constitutional rights.

The case arises from Stokley's motion for a stay of mandate and for a remand to the district court in light of the Court's recent decision in *Maples*.[1]  Stokley claimed that, like Maples, he had been abandoned by his post-conviction counsel, and that this abandonment constituted adequate cause to excuse his failure to raise on state post-conviction review the claim that, on direct appeal, the Arizona Supreme Court had violated *Eddings v. Oklahoma,* 455 U.S. 104 (1982).  The panel does not, in its amended order, contest Stokley's *Maples* claim, except to hold that he suffered no prejudice as a result.

*Eddings* makes clear that a defendant is entitled to rely on *any* mitigating evidence that might make a fact-finder less likely to impose a death sentence—including evidence that does not have a causal connection to the crime at issue. 445 U.S. at 114–15.  The Arizona Supreme Court violated *Eddings* in its decision affirming the death penalty imposed on Stokley, by failing to consider mitigating evidence that did not have a nexus to his crime.[2]  The panel majority excuses the Arizona Supreme Court's violation of *Eddings* as merely harmless error, thus deciding, *sub silentio*, that an *Eddings* error is subject to harmless error analysis.  It then holds that Stokley is unable to demonstrate the prejudice necessary to excuse the procedural default of his *Eddings* claim, and on that basis denies his motion for a stay of mandate and for a

---

[1] The panel does not contest that this motion is properly raised as a motion to stay the mandate.  It had issued a published opinion before *Maples* was decided, but there it addressed an entirely different underlying claim.  *Stokley v. Ryan*, 659 F.3d 802 (9th Cir. 2011).

[2] *See, e.g., State v. Stokley*, 898 P.2d 454, 473 (Ariz. 1995) (disregarding evidence of "chaotic and abusive childhood" because Stokley "failed to show how this influenced his behavior on the night of the crimes").

remand to present his claim, under *Maples*, that he was abandoned by his attorney—and ultimately the right to a proper review of his capital sentence by the Arizona Supreme Court under standards consistent with the Constitution.[3]

We err in declining to convene *en banc* to address this capital case, for several reasons. First, we should decide *en banc* the question of whether a court's error under *Eddings* is structural or is subject to harmless error analysis. Second, even if an *Eddings* error were not structural, we should decide *en banc* whether the panel ought to have reached that issue—an issue that was not properly presented to it—or should first have remanded it to the district court. Finally, even if the error were not structural *and* if we were not required to remand as to prejudice, we should have determined whether the state carried its burden of showing that the error was harmless.

Whether a court's error under *Eddings* is structural or is subject to harmless error analysis is an unresolved question of exceptional importance. The circuits are divided on the question; the Fifth Circuit has held that such an error is structural, while other circuits have held the opposite. *Compare Nelson v. Quarterman*, 472 F.3d 287, 314–15 (5th Cir. 2006) (en banc), *cert. denied,* 551 U.S. 1141 (2007) *with Bryson v. Ward*, 187 F.3d 1193, 1205 (10th Cir. 1999) (collecting cases applying harmless error review). Even our own court's decisions appear divided on this issue. *Compare Williams v. Ryan*, 623 F.3d 1258, 1270–71 (9th Cir. 2010) (conducting no harmless error analysis) *with Landrigan v.*

---

[3] Although the panel here erroneously found no prejudice, it did not rule on the question of cause in its amended order, and a remand, on that question at least, would be necessary.

*Stewart*, 272 F.3d 1221, 1230 & n.9 (9th Cir. 2001). The Supreme Court has previously granted certiorari to address this question, *see Smith v. Texas*, 549 U.S. 948 (2006) (mem.), although it nevertheless eventually declined to address it, *see Smith v. Texas*, 550 U.S. 297, 316 (2007) (Souter, J., concurring). A petition for certiorari raising this precise question is currently pending before the Supreme Court. *See Thaler v. McGowen*, No. 12-82 (U.S. filed July 17, 2012), *available at* 2012 WL 2992072.

The panel's hastily-reached decision, without adequate briefing, that such error is not structural is simply inconsistent with the Supreme Court's precedents regarding the importance, in capital cases, of permitting the fact-finding body to properly weigh all mitigating factors. These precedents require that the fact-finding body give meaningful weight to mitigating factors—a requirement that is as much substantive as it is procedural. *See Penry v. Lynaugh*, 492 U.S. 302, 319 (1989) ("[I]t is not enough simply to allow the defendant to present mitigating evidence to the sentencer. The sentencer must also be able to consider and *give effect* to that evidence in imposing sentence." (emphasis added)), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002). Such an error cannot be cured by this court, and particularly, given the deference due to the state court, by this court sitting in habeas review. We should not engage in an independent weighing of these factors, especially when the state court originally did so under a mistaken conception of its legal duty. Such an independent weighing creates the substantial "risk that the death penalty will be imposed in spite of factors which may call for a less severe penalty." *Penry*, 492 U.S. at 328 (citing *Lockett v. Ohio*, 438 U.S. 586, 605 (1978)) (remanding for a re-determination of the aggravating and mitigating factors). That risk, as the

Supreme Court has held, is "unacceptable and incompatible with the commands of the Eighth and Fourteenth Amendments." *Id.* Thus, not only should we go *en banc*, but we should conclude that the error is structural, and that the Arizona Supreme Court should be given the opportunity to apply the proper Constitutional standards.

Further, even were we to conclude that an *Eddings* violation is not structural, the panel majority's decision to address the question of prejudice would constitute error. The state made no mention of this question in its opposition to Stokley's motion for a stay of mandate, and the district court had had no opportunity to consider *Maples* at all. The simplest course would have been to remand, to give both parties the opportunity to fairly address the issue and to obtain the views of the district court. *See, e.g., Maples*, 132 S. Ct. at 927–28 (remanding for a determination regarding prejudice); *Martinez v. Ryan*, 132 S. Ct. 1309, 1320–21 (2012) (same). The panel, however, did not remand—instead, it addressed the issue of prejudice *sua sponte*, despite the state's failure to raise it. This is particularly surprising, given that, if an *Eddings* error is not structural, the state bears the burden of demonstrating that the error is harmless. *See Hitchcock v. Dugger*, 481 U.S. 393, 399 (1987) (noting the state's duty to demonstrate that error is harmless, and holding that "[i]n the absence of such a showing our cases hold that the exclusion of mitigating evidence of the sort at issue here renders the death sentence invalid.").

As it was, the first substantive discussion of prejudice in this case was in the panel majority's original order denying Stokley's motion—although prejudice was simply an alternative basis for the order. The principal basis for the

majority's holding was that Stokley had not been abandoned by his counsel, and thus that no cause existed for the procedural default. Stokley's first opportunity to brief the issue of prejudice was in his petition for *en banc* rehearing, although he was compelled to argue primarily that the panel erred in holding that he had not been abandoned by counsel under *Maples* and that he had not waived the issue of prejudice. The panel majority paid little heed to Stokley's briefing: a mere two days after his petition for *en banc* rehearing was filed, this court denied it; later that day, the panel majority amended its order—not to reflect Stokley's limited briefing regarding prejudice, but rather to render the issue of prejudice the *sole* basis of its amended order (thus eliminating all discussion of the merits of Stokley's *Maples* claim), while leaving its discussion of prejudice largely unchanged.[4]

Finally, even if the *Eddings* violation in this case were subject to harmless error review, and even if it were appropriate for the panel to reach the issue without a remand to the district court, it is clear that the *Eddings* error in this case was indeed prejudicial. If we are to determine whether there is harmless error here, then the Court's decision in the *Eddings* line of cases must be our guide: the focus of our

---

[4] The panel's original order was based, in part, on an alleged representation by Stokley's counsel that no remand was necessary on the issue of prejudice. *See* Maj. Op. (Nov. 15, 2012) at 5 n.1 ("Stokley's counsel . . . did not raise any issues that required factual development through the requested evidentiary hearing."). The recording of oral argument clearly conveys counsel's statement to the contrary—that further development of the record was needed because "there has never really been a discussion of prejudice" and Stokley's pleadings regarding the issue were simply "notice pleading." The panel's amended opinion omits the assertion that counsel has waived this issue.

inquiry ought to be whether there is a "risk that the death penalty will be imposed in spite of factors which may call for a less severe penalty." *Penry*, 492 U.S. at 328 (citing *Lockett*, 438 U.S. at 605). Here, the comity and federalism concerns that typically limit our inquiry when we sit in habeas review, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011), suggest that the Arizona Supreme Court should be given an opportunity to re-weigh these factors when that risk is at least substantial, as it is here. This is particularly so given that the Arizona Supreme Court undertakes an independent and *de novo* weighing of aggravating and mitigating factors in its initial review of every capital case (including this one), and thus is uniquely situated to cure this error as well as being already familiar with the facts of this case. *See State v. Stokley*, 898 P.2d at 454.

Here, there clearly is a sufficient risk that the death penalty will be imposed in spite of factors that call for lenity. The Arizona Supreme Court permitted an *Eddings* error to affect its consideration of at least three of the mitigating factors it considered. *See State v. Stokley*, 898 P.2d at 469 (substance abuse), 470 (head injuries and impulse control), 473 (family history and childhood abuse). Although, as the Arizona Supreme Court pointed out, these factors did not have a direct nexus to the crime in question, the court's refusal to grant them weight undoubtedly limited its ability to "express[] its 'reasoned moral response' to that evidence in rendering its sentencing decision." *Id.* That this risk exists is particularly likely in light of the fact that Stokley's co-perpetrator—who actually instigated the crime—received a sentence of only 20 years, and has already been released from prison. The facts of this crime, absent a consideration of Stokley's particular circumstances, thus do not inexorably lead to a finding that the death penalty should have been

imposed. Thus, were we to engage in a harmless error analysis, we should hold that Stokley had established the requisite prejudice with respect to his *Maples* claim.[5]

For these reasons, I respectfully dissent.

---

W. FLETCHER, Circuit Judge, with whom Judges PREGERSON, REINHARDT, WARDLAW, FISHER, PAEZ, and BERZON join, dissenting from the denial of *en banc* rehearing:

I fully concur in the dissents of Judges Reinhardt and Watford from our failure to take this case en banc. I add only the following.

In our haste, we have forgotten our role as an intermediate federal appellate court. We have taken the role of the federal district court, refusing to allow that court to deal in the first instance with Stokley's motion under *Maples v. Thomas*, 132 S. Ct. 912 (2012). And we have taken the role of the Arizona Supreme Court, refusing to allow that court to assess the importance of Stokley's mitigating evidence that was previously disregarded, in violation of *Eddings v. Oklahoma*, 455 U.S. 104 (1982). Further, we have allowed a three-judge panel of this court to decide, without briefing from the

---

[5] The more proper body to undertake this analysis, however (if not the Arizona Supreme Court), is the district court. The district court could make this decision on remand with the benefit of a thorough examination of the full record before the state court—examining the evidence and arguments made in support of each aggravating and mitigating factor—as well as with full briefing and argument.

parties, that *Eddings* error is not structural, despite cases in this circuit to the contrary, *see Williams v. Ryan*, 623 F.3d 1258 (9th Cir. 2010); *Styers v. Schriro*, 547 F.3d 1026 (9th Cir. 2008), and despite suggestions from the Supreme Court that such error may indeed be structural. *See Smith v. Texas*, 549 U.S. 948 (2006) (mem.); *Smith v. Texas*, 550 U.S. 297, 316 (2007) (Souter, J., concurring); *Thaler v. McGowen,* 2012 WL 2955935 (Nov. 26, 2012) (denying cert. in *McGowen v. Thaler*, 675 F.3d 482 (5th Cir. 2012), in which Fifth Circuit held that *Eddings* error in jury instruction is structural).

There is no reason for such haste. Stokley has asserted plausible claims under *Maples* and *Eddings*. They may or may not prove to be winning claims. But we should not allow the State of Arizona to kill Stokley before they have been properly considered.

---

WATFORD, Circuit Judge, joined by PREGERSON, WARDLAW, W. FLETCHER, FISHER, PAEZ, BERZON, CHRISTEN, and NGUYEN, Circuit Judges, dissenting from the denial of *en banc* rehearing:

I do not think there is any question here that the Arizona Supreme Court violated the rule established in *Eddings v. Oklahoma*, 455 U.S. 104 (1982). Assuming, as the panel majority does, that abandonment has been shown under *Maples v. Thomas*, 132 S. Ct. 912 (2012), Stokley has established cause for his procedural default. There are two unresolved questions with respect to prejudice. The first is whether this court must actually decide the merits of the underlying *Eddings* claim or need only find that the claim is

substantial, as in *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012); the second is whether an *Eddings* violation is structural error or is instead subject to harmless error review. These important and unsettled issues should be resolved by the court sitting *en banc*.

PREGERSON, Circuit Judge, dissenting from the denial of *en banc* rehearing:

I concur in the dissents of Judge Reinhardt, Judge W. Fletcher, and Judge Watford from our court's refusal to take *Stokley v. Ryan* en banc.